IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAY -5 PM 3:59
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 310-014-1 |
| | * | |
| KEITH LAMAR GLOVER | * | |

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Keith Lamar Glover has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting

administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant concedes that he has not complied with this provision, yet he believes it is unnecessary given the "emergency" nature of the present circumstances. However, neither § 3582(c)(1)(A) nor case law create a special exception to this mandatory process. Accordingly, Defendant's motion is premature.

Moreover, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission in consideration of compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition;[1] (2) advanced age; and (3) family circumstances. Id.

---

[1] Defendant states that he suffers from hypertension and high blood pressure. However, the Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13,

2

n.1(A)-(C). Defendant has not met the specific criteria for any of these categories. The application note also provides a catch-all category: **"As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, the Court must deny Defendant's motion for compassionate release on the merits because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Upon the foregoing, Defendant Keith Lamar Glover's emergency motion for compassionate release (doc. no. 398) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5ᵗʰ day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

n.1(A)(ii). Here, Defendant's ailments do not qualify as a serious medical condition.